[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-13369

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 9, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-02368-CV-WBH-1

AUTOMOBILE PROTECTION CORPORATION,

Plaintiff–Counter-Defendant–Appellee,

versus

MARK F. JONES, III,
Individually,
d.b.a. Protection For Sale,
d.b.a. Ocean Air Dealer Services,

Defendant–Counter-Claimant–Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 9, 2008)**

Before BARKETT and FAY, Circuit Judges, and ANTOON,[*] District Judge.

_____

[*] Honorable John Antoon, II, United States District Judge for the Middle District of Florida, sitting by designation.

PER CURIAM:

Mark F. Jones, III appeals from a summary judgment entered in favor of Automobile Protection Corp. ("APCO"). Because we find no reversible error in the district court's judgment, we affirm.

Jones entered into the Independent Contractor Agreement with APCO whereby he agreed to solicit automobile dealers for the purpose of marketing and servicing APCO's extended vehicle service contracts. The relationship between the parties deteriorated, and APCO ultimately terminated the Agreement. Soon thereafter, APCO filed suit against Jones primarily seeking a declaratory judgment regarding the parties' rights under the Agreement, and Jones responded with counterclaims of his own seeking declaratory judgment and damages.

Jones's principal claim is that the Agreement guaranteed him the exclusive right to market and service APCO's extended vehicle service contracts in his geographical territory, and that APCO breached the Agreement by appointing other agents in the same region and reassigning certain accounts formerly serviced by Jones to them. We find no error because the Agreement does not provide Jones an exclusive right to market APCO's extended vehicle service contracts.

We also find no error in the district court's grant of summary judgment as to his claims that APCO breached the Agreement by reassigning Jones's accounts, by

2

tortiously interfering with Jones's relationship with his employees, by failing to allow him a pre-termination opportunity to cure any default in the Agreement, and by preventing him from servicing his accounts after terminating him for cause.

Finally, we agree with the district court's determination that the purported oral agreement concerning Jones's administration of recreational-vehicle accounts is not enforceable.  It was not memorialized in writing, and no exceptions to Georgia's Statute of Frauds, Ga. Code Ann. § 13-5-31, apply in this case.

**AFFIRMED**.